**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

|  |  |  |
|---|---|---|
| **THE UNITED STATES OF AMERICA** | * | **Crim. No. CCB-05-0331** |
| | * | |
| **v.** | * | **Civil No.** |
| | * | |
| **JAMES JONES** | * | |

\* \* \* \* \*

**MOTION TO CORRECT**
<u>**SENTENCE UNDER 28 U.S.C. § 2241**</u>

**INTRODUCTION**

Petitioner, James Jones, through undersigned counsel, James Wyda, Federal Public Defender, and Paresh S. Patel, Appellate Attorney, respectfully moves this Court to set aside the judgment in this case and correct his sentence pursuant to 28 U.S.C. § 2241.

On March 30, 2007, this Court sentenced Mr. Jones as an armed career criminal under 18 U.S.C. § 924(e) (Armed Career Criminal Act) (ACCA). This Court found him to be an armed career criminal after adopting the finding of the presentence report that he had three qualifying prior convictions that supported the ACCA enhancement. Specifically, the Court found that Mr. Jones had two prior Maryland second degree assault convictions that qualified as "violent felonies" and one unlawful manufacture/distribution of cocaine conviction that qualified as a "serious drug offense" under the ACCA.

However, in light of the Supreme Court's recent decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013), and the Fourth Circuit's subsequent decision in *United States v. Royal*, 731 F.3d 333, 340-42 (4th Cir. 2013), Mr. Jones is no longer an armed career criminal. In *Royal*, the Fourth Circuit held that under the elements-driven categorical approach of *Descamps*, Maryland second

degree assault can no longer qualify as a "violent felony." *Id.* Thus, Mr. Jones does not have the three necessary predicate convictions (either "violent felonies" or "serious drug offenses") to qualify him as an armed career criminal. As a result, Mr. Jones' currently imposed sentence of 262 months is now a *per se* illegal sentence that not only violates the laws of the United States but is in excess of the 10-year statutory maximum for his federal offense of being a felon in possession of a firearm. It further violates due process.

Mr. Jones is entitled to relief under 28 U.S.C. § 2241 because he is in "custody in violation of the Constitution or laws or treaties of the United States," and 28 U.S.C. § 2255 is an inadequate and ineffective means of challenging his detention.[1]

As grounds for this motion, Mr. Jones states as follows:

## STATEMENT OF FACTS

### A.     Conviction and Sentencing

On November 28, 2006, Mr. Jones was convicted of one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). On March 30, 2007, this Court found Mr. Jones to be an armed career criminal after adopting the finding of the presentence report that he had at least three prior convictions that qualified as either "violent felonies" or "serious drug offenses" necessary to support the ACCA enhancement. Specifically, the Court found that Mr. Jones had two prior Maryland second degree assault convictions that qualified as "violent felonies" and one prior

---

[1]      Although generally, a Section 2241 petition must be filed in the petitioner's district of confinement (which is currently the Southern District of West Virginia Mr. Jones), this is a requirement that can be waived by the government because it is not one of subject matter jurisdiction, but rather one of venue or personal jurisdiction. *See Kanai v. McHugh*, 638 F.3d 251, 257-58 (4th Cir. 2011); *Moore v. Olson*, 368 F.3d 757 (7th Cir. 2004); *Mathena v. United States*, 577 F.3d 943, 946 n.3 (8th Cir. 2009). It is counsel's understanding that the government is going to waive this requirement for all petitioners who were erroneously subject to ACCA sentences in the District of Maryland in light of *Descamps* and *Royal*.

unlawful manufacture/distribution of cocaine conviction that qualified as a "serious drug offense" under the ACCA.

The Court's application of the ACCA to Mr. Jones subjected him to a statutory mandatory minimum sentence of 180 months and resulted in a Sentencing Guidelines range of 262 to 327 months imprisonment (corresponding to offense level 34, criminal history category VI). The Court sentenced Mr. Jones to 262 months imprisonment. Without an ACCA finding, Mr. Jones' Guidelines range would have been 100 to 125 months imprisonment (offense level 24, criminal history category IV), and he would have been exposed to a maximum statutory penalty of 10 years. *See* 18 U.S.C. § 924(a)(2).

### B.    Direct Appeal

On April 5, 2007, Mr. Jones filed a notice of appeal to the Fourth Circuit. On September 24, 2007, the Fourth Circuit affirmed Mr. Jones' conviction. *See United States v. Jones*, 2007 WL 2781005 (4th Cir. 2007).

### C.    Previous 2255 Petition

Mr. Jones filed his first 28 U.S.C. § 2255 motion on May 14, 2008. On February 11, 2009, this Court denied Mr. Jones' motion.

### D.    *Descamps v. United States*

On June 20, 2013, the Supreme Court issued its decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013), holding that when a prior offense is missing an element necessary to qualify as a "violent felony" under the ACCA, the offense is indivisible and can never qualify as a "violent felony" – regardless of the underlying facts of the case. On October 1, 2013, the Fourth Circuit, in *United States v. Royal*, 731 F.3d 333, 340-42 (4th Cir. 2013), relying on *Descamps*, held that

Maryland second degree assault is an indivisible statute that can never qualify as an ACCA predicate because it is missing the elements necessary to qualify as a "violent felony."

Mr. Jones now seeks relief under 28 U.S.C. § 2241.

## ARGUMENT

Section 2241 vests federal courts with the power to grant writs of habeas corpus to prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Similarly, Section 2255 permits a court to entertain a motion made by a prisoner on the "ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Despite these overlapping concerns, the two Sections ordinarily address different claims. A Section 2241 claim is typically directed at the *execution* of the sentence, while a Section 2255 claim normally challenges the *imposition* of the sentence. *See Poindexter v. Nash*, 333 F.3d 372, 377 (2d Cir. 2003).

Notwithstanding this traditional division, Section 2255 permits a court to consider a claim brought under Section 2241 that would ordinarily fall within the purview of Section 2255 when Section 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This language is referred to as the "savings clause." Courts have generally agreed that under the savings clause, prisoners must demonstrate that three circumstances are present to establish that Section 2255 is inadequate or ineffective in a particular case. *See Bryant v. Coleman*, 738 F.3d 1253, 1274-81 (11th Cir. 2014); *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001); *In re Jones*, 226 F.3d 328, 333-34 (4th Cir.

2000); *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999); *In re Davenport*, 147 F.3d 605, 609-12 (7th Cir. 1998); *Triestman v. United States*, 124 F.3d 361, 376 (2d Cir. 1997); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997).

First, the petitioner must show that he lacked a prior opportunity to obtain relief based on the decision on which he now relies because his claim was foreclosed by Circuit or Supreme Court precedent at the time of his sentencing, direct appeal, and initial collateral attack under Section 2255. *Jones*, 226 F.3d at 333-34.

Second, the petitioner must show that he would not be able to bring his claim in a second or successive motion under Section 2255. *Id.*

Third, the prisoner must show a fundamental error in the criminal proceedings, such as the imposition of an unlawful ACCA sentence that takes the defendant's sentence beyond the statutory maximum. *See Bryant*, 738 F.3d at 1278-1280.

Mr. Jones' claim meets these three requirements. Additionally, because Mr. Jones' prior second degree assault convictions no longer qualify as "violent felonies" in light of *Descamps v. United States,* 133 S. Ct. 2276 (2013) and *United States v. Royal*, 731 F.3d 333, 340-42 (4th Cir. 2013), he is now serving an erroneous ACCA sentence that violates due process and the laws of the United States. As a result, this Court should grant Mr. Jones' petition under Sections 2241 and 2225(e), vacate his sentence, and re-sentence him.

I.      **Under *Descamps v. United States*, a Prior Offense That Is Missing an Element Necessary to Constitute a "Violent Felony" under the Armed Career Criminal Act (ACCA), Can Never Qualify as an ACCA Predicate.**

Under the ACCA, a prior offense qualifies as a "violent felony" if it satisfies the following definition:

> (B) The term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that –
>
> (1) has as an element the use, attempted use, or threatened use of physical force[2] against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e).

In determining whether a prior conviction qualifies as a "violent felony," sentencing courts must employ the categorical approach. This means "[s]entencing courts may look only to statutory definitions – *i.e., the elements* – of a defendant's prior offenses, and *not* to the particular facts underlying those convictions." *Descamps*, 133 S. Ct. at 2283 (emphasis added) (internal citations and quotation marks omitted). "If the relevant statute has the same elements as the [applicable ACCA 'violent felony' definition], then the prior conviction can serve as an ACCA predicate; so too if the statute defines the crime more narrowly, because anyone convicted under that law is necessarily guilty of all the ['violent felony'] elements." *Id.* (internal citations and quotation marks omitted).

---

[2]      "Force" means "violent force", i.e. ""violent force," i.e., "strong physical force" that is "capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010).

At the same time, in a "narrow range of cases," sentencing courts may apply what is known as the "modified categorical approach" and look to a limited class of documents from the prior case to determine whether the prior conviction qualifies as a "violent felony." *Id.* at 2283-84. Prior to *Descamps*, it was unclear as to when the modified categorical approach applied. However, "[i]n *Descamps*, the Supreme Court recently clarified whether courts may apply the modified categorical approach to assess, for ACCA sentencing enhancement purposes, the violent nature of a defendant's prior conviction under an indivisible criminal statute (*i.e.*, one that does not set out elements of the offense in the alternative, but which may nevertheless broadly criminalize qualitatively different categories of conduct.)." *Royal*, 731 F.3d at 340. Answering that question in the negative, the Court held that when a prior offense is missing an element necessary to constitute a "violent felony" under the ACCA, the offense is indivisible and can never qualify as a "violent felony," even if the offense could be factually committed in a violent manner. *Descamps*, 133 S. Ct. at 2283. The Court explained that "the modified categorical approach serves a limited function: It helps effectuate the categorical analysis when a divisible statute, listing potential offense elements in the alternative, renders opaque which element played a part in the defendant's conviction." *Id.* In other words, the *Descamps* Court held that the modified categorical approach only applies when a prior offense is divisible with alternative elements – some which match the ACCA "violent felony" definition and some which do not. Only then can a federal sentencing court review documents in the prior case "to determine which of the statute's alternative elements formed the basis of the defendant's prior conviction." *Id.* at 2284.

In *Descamps,* at issue was whether a prior conviction under a California burglary statute (California Penal Code § 459) constituted a generic burglary (an "unlawful or unprivileged entry

into, or remaining in, a building or structure with intent to commit a crime") under the ACCA. *Descamps,* 133 S. Ct. at 2282-83 (citation omitted). The California statute was missing the generic burglary element of unlawful entry. Nonetheless, the federal sentencing court applied a fact-driven modified categorical approach. The court did so by relying on the facts in the California plea colloquy to conclude that Mr. Descamps actually committed a generic burglary by breaking and entering a grocery store. *Id.* at 2282. The Ninth Circuit affirmed the district court's ruling. *Id.* The Supreme Court outright rejected the Ninth Circuit's approach and found that federal sentencing courts must follow an element-centric framework, in determining whether prior convictions qualify as ACCA "violent felonies." *Id.* at 2287.

The Court explained that "Descamps may (or may not) have broken and entered, and so committed generic burglary. But [the California burglary statute] – the crime of which he was convicted – does not require the factfinder (whether jury or judge) to make that determination. Because generic unlawful entry is not an element, or an alternative element, of [the California burglary statute], a conviction under the statute is never for generic burglary." *Id.* at 2293. The Court further explained that the district court and the Ninth Circuit "erred in invoking the modified categorical approach to look behind Descamps' conviction in search of record evidence that he actually committed the generic offense." *Id.* The Court then concluded that "[t]he modified categorical approach does not authorize a sentencing court to substitute such a facts-based inquiry for an elements-based one. A court may use the modified categorical approach only to determine which alternative element in a divisible statute formed the basis of the defendant's conviction." *Id.*

In arriving at this holding, the Court pronounced that "the modified categorical approach [] acts not as an exception [to the categorical approach,] but instead as a tool. It retains the categorical

approach's central feature: a focus on the elements, rather than the facts, of a crime. And it preserves the categorical approach's basic method: comparing those elements with the generic offense's. All the modified approach adds is a mechanism for making that comparison when a statute lists multiple, alternative elements, and so effectively creates several different . . . crimes." *Id.* at 2285 (internal quotation marks and citation omitted). The Court reinforced that "[i]f at least one, but not all of those crimes matches the generic version, a court needs a way to find out which the defendant was convicted of. That is the job . . . of the modified approach: to identify, from among several alternatives, the crime of conviction so that the court can compare it to the generic offense." *Id.*

The *Descamps* Court cautioned that merely because an offense can be committed by different multiple factual methods – some which equate to a "violent felony" – does not mean the statute is divisible with alternative elements triggering the modified categorical approach. *Id.* at 2290-91. Otherwise, "every element of every statute can be imaginatively transformed . . . so that every crime is seen as containing an infinite number of sub-crimes corresponding to all the possible ways an individual can commit it. (Think: Professor Plum, in the ballroom, with the candlestick?; Colonel Mustard, in the conservatory, with the rope, on a snowy day, to cover up his affair with Mrs. Peacock?)." *Id.* (internal quotation marks and citation omitted).

The Court further expounded, "If a sentencing court, as the Ninth Circuit holds, can compare each of those implied . . . means of commission to the generic ACCA offense, then the categorical approach is at an end. At that point, the court is merely asking whether a particular set of facts leading to a conviction conforms to a generic ACCA offense." *Id.* at 2291. The Supreme Court expressed that such factual inquiry is "forbidden." *Id.* "Courts may *modify* the categorical approach to accommodate alternative statutory definitions. They may not, by pretending that every fact pattern

9

is an implied statutory definition, convert that approach into its opposite." *Id.* (internal quotation marks and citation omitted).

As further detailed below, applying *Descamps* to Mr. Jones' case requires the conclusion that a prior conviction for second degree assault – an indivisible offense that is missing "violent felony" elements– categorically fails to qualify as an ACCA predicate crime.

**II.     As the Fourth Circuit Recently Held in *United States v. Royal*, Maryland Second Degree Assault Can Never Be Subject to the Modified Categorical Approach and Qualify as an ACCA "Violent Felony" under *Descamps* Because it Is an Indivisible Offense That Is Missing the Elements Necessary to Constitute a "Violent Felony."**

Before *Descamps*, the Fourth Circuit, in *United States v. Kirksey*, 138 F.3d 120 (4th Cir. 1998) and *United States v. Coleman*, 158 F.3d 199 (4th Cir. 1998) (en banc), had held that a federal sentencing court could apply the modified categorical approach and consider the facts of the individual case, as alleged in certain documents, to determine whether a prior offense for Maryland second degree assault constituted a "violent felony." *Coleman*, 158 F.3d at 201-02; *Kirksey,* 138 F.3d at 126.

However, these cases are no longer good law. They cannot be reconciled with *Descamps*, as the Fourth Circuit recently made clear in *Royal.* In *Royal*, 731 F.3d at 340-42, the Fourth Circuit held that under *Descamps*' elements-driven holding, Maryland second degree assault can never qualify as a "violent felony" under the ACCA. The Court reasoned that Maryland second degree assault is an indivisible offense, which is missing the elements necessary to qualify as a "violent felony." *Id.* The Court explained that because "Maryland's second-degree assault statute reaches any unlawful touching, whether violent or nonviolent and no matter how slight," a conviction under the statute categorically fails to qualify as a "violent felony" supporting an ACCA enhancement. *Id.*

10

at 342 (citation omitted).  Thus, Mr. Jones' prior convictions for second degree assault can no longer

be deemed "violent felonies" and Mr. Jones is not an armed career criminal.

**III.     Mr. Jones Is Entitled to Habeas Relief Because His Current ACCA Sentence is Unlawful and Section 2255 Fails to Provide an Adequate or Effective Remedy.**

**A.     Mr. Jones' sentence violates the laws of the United States and due process.**

Because Mr. Jones' prior second degree assault convictions no longer qualify as "violent

felonies," his ACCA sentence is now in excess of the statutory maximum sentence of 10 years for

his felon-in-possession of a gun conviction under 18 U.S.C. § 922(g).  *See* 18 U.S.C. § 924(a)(2).

Therefore, it is a *per se* unlawful sentence.

Moreover, as the Tenth Circuit held in *United States v. Shipp*, 589 F.3d 1084 (10th Cir.

2009), an erroneous ACCA sentence that exceeds the statutory maximum is not only illegal, but

violates due process:

> Mr. Shipp does not constitute an "armed career criminal" for purposes of the ACCA and thus he received "a punishment that the law cannot impose on him."  *See Schriro*, 542 U.S. at 353, 124 S. Ct. 2159.  Where, as here, Mr. Shipp was sentenced beyond the statutory maximum for his offense of conviction, his due process rights were violated.  "There can be no room for doubt that such a circumstance inherently results in a complete miscarriage of justice and presents exceptional circumstances that justify collateral relief. . . ."  *Davis*, 417 U.S. at 346-47, 94 S. Ct. 2298.

*Id.* at 1091; *see also see also United States v. Tucker*, 404 U.S. 443, 592 (1972) (sentence based on

invalid convictions was "sentence founded at least in part upon misinformation of constitutional

magnitude"); *Townsend v. Burke*, 334 U.S. 736, 741 (1948) (a sentence formed "on the basis of

assumptions concerning [one's] criminal record which [are] materially untrue" is "inconsistent with

due process of law."); *United States v. Grier*, 475 F.3d 556, 573 (3d Cir. 2007) ("due process

requires [ ] that the sentence for the crime of conviction not exceed the statutory maximum").  For

these same reasons, Mr. Jones' ACCA sentence is also unconstitutional.

**B.      Section 2255 is an inadequate and ineffective remedy.**

As previously noted, Section 2255 "is inadequate or ineffective to test the legality of [a petitioner's] detention" when three criteria are met.  See 28 U.S.C. 2255(e).

First, the petitioner must show that his ability to obtain relief was foreclosed by Circuit or Supreme Court precedent at the time of his sentencing, direct appeal, and initial collateral attack under Section 2255. *Jones*, 226 F.3d at 333-34.  This requirement is easily satisfied here.  Mr. Jones could not have effectively raised this claim at an earlier time.   At sentencing, Fourth Circuit precedent squarely held that his prior conviction for second degree assault constituted a "crime of violence." *See Kirksey*, 138 F.3d 120, *Coleman*, 158 F.3d 199.   That binding precedent also foreclosed Mr. Jones from obtaining relief on such issue on direct appeal and in his first 2255 petition.

Second, the petitioner must show that he would not be able to bring his claim in a second or successive petition under Section 2255.   *Jones*, 226 F.3d at 33-34.  This requirement is also satisfied.  Section 2255(h) provides that a second or successive motion may be authorized only when the petitioner makes a prima facie showing that his petition relies on a new rule of constitutional law made retroactive by the Supreme Court or on new factual evidence of actual innocence of his conviction.  Mr. Jones cannot meet the requirements of Section 2255(h) because although *Descamps* is retroactive, the Supreme Court itself has not yet declared *Descamps* retroactive.  Further, Mr. Jones is not claiming that new factual evidence exists rendering him actually innocent of his federal offense of conviction.   Thus, a successive petition is not a viable option for Mr. Jones.

Third, the petitioner must show a fundamental error in the criminal proceedings.  This last prong is also easily satisfied here.  The Eleventh Circuit's decision in *Bryant v. Coleman*, 738 F.3d

1253, 1283 (11th Cir. 2014) is directly on point. In that case, the Eleventh Circuit held that an unlawful ACCA sentence was a fundamental error that warranted Section 2241 relief because it took the petitioner's sentence beyond the statutory maximum authorized under the law. The Court explained that "[t]he concern with an erroneous sentence *above* the statutory maximum is that the sentencing court 'exceeded [the punishment] authorized by the legislature.'" *Id.* at 1283 (citing *Jones v. Thomas*, 491 U.S. 376, 383 (1989)). "Thus, there are serious, constitutional, separation-of-powers concerns that attach to sentences above the statutory maximum penalty authorized by Congress." *Id.*

Moreover, the Court likened an unlawful ACCA sentence exceeding the statutory maximum to an actual innocence claim:

> In this respect, a sentence exceeding the authorized statutory maximum in § 924(a) is more akin to an actual innocence claim, which every circuit to have considered the savings clause, but the Tenth, acknowledges would qualify under the savings clause. The prisoner who was convicted and sentenced under the § 924(e) statute that the Supreme Court subsequently decides never punished his conduct is being held without authorization by any congressional statute. Similarly, when a prisoner convicted of a § 924(e) crime serves more than the applicable 10-year maximum in § 924(a) due to an erroneous § 924(e) sentence, he too is being detained without authorization by any statute.

*Bryant*, 738 F.3d at 1283.

The Court concluded, "[a]s with cases of proven actual innocence, finality interests must yield in cases of current sentences proven to be above the statutory maximum penalty authorized by Congress. Given the [] already-narrowed confines of the savings clause, there is little undermining of finality interests to grant relief to prisoners who are serving illegal sentences above the authorized statutory maximum penalty." *Id.* at 1284.

13

Even more, in *Brown v. Caraway*, 719 F.3d 583, 588 (7th Cir. 2013), the Seventh Circuit held that a defendant's erroneous pre-*Booker* mandatory career offender sentence "represent[ed] a fundamental defect that constitutes a miscarriage of justice corrigible in a § 2241 proceeding." The Court held as such even though, unlike here, the defendant's sentence did not exceed the statutory maximum penalty.

The Supreme Court recognized the same in *Persaud v. United States,* 134 S. Ct. 1023 (2014). In that case, the Solicitor General joined the petitioner's request for a grant of certiorari from the lower court's denial of his Section 2241 petition. *See Persaud v. United States*, 2013 WL 7088877 (Dec. 20, 2013) (Brief for the United States). The Solicitor General argued that Section 2241 relief was warranted to correct the defendant's erroneous recidivist sentence, even though the sentence did not exceed the statutory maximum.

Specifically, the petitioner in *Persaud* was convicted of conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. §§ 846, 841(a)(1). *Id.* at *2. Based on his criminal history, the petitioner was sentenced to a mandatory minimum term of life imprisonment under 21 U.S.C. §§ 841(b)(1)(A)(iii), 802. *Id.* One of the petitioner's prior drug convictions was for a North Carolina possession with intent to sell and deliver marijuana. Under binding Fourth Circuit precedent that existed at the time of the petitioner's sentencing, direct review, and initial Section 2255 petition, the defendant's prior conviction constituted a "felony drug offense" that triggered the life sentence. *Id.* at *4-6. However, in *United States v. Simmons*, 649 F.3d 237 (2011) (en banc), the Fourth Circuit subsequently reversed its position on the meaning of "felony drug offense" so that *Persaud's* prior conviction could no longer be deemed a "felony drug offense," which in turn rendered Persaud's mandatory life sentence unlawful. *Persaud*, 2013 WL 7088877, at *7-8.

The Solicitor General vigorously argued that 2241 relief should be available for Mr. Persuad because "sentences that exceed the statutory maximum, or that impose a statutory mandatory minimum based on legal error, are cognizable under the savings clause." *Id.* at 19. The Solicitor General started by explaining that "[a] sentence imposed above the otherwise-applicable statutory maximum based on a legal error is a fundamental defect redressable under the savings clause." *Id.* at 19. This is because "a sentence above the statutory maximum implicates the separation-of-powers principle that 'the power . . . . to prescribe the punishments to be imposed upon those found guilty of [federal crimes] reside wholly with the Congress.'" *Id.* (citing *Whalen v. United States*, 445 U.S. 684, 689 (1980)). The Solicitor General elaborated that "[f]ederal courts do not have the authority to impose a sentence without legislative authorization, and a sentence above the statutory maximum represents just such an unauthorized sentence." *Id.* at 19-20 (citing *Chapman v. United States*, 500 U.S. 453, 465 (1991)).

The Solicitor General then explained that "the imposition of an erroneous mandatory minimum sentence is likewise a fundamental error that raises separation-of-powers concerns analogous to those implicated by a sentence above the statutory maximum. Congress has the exclusive authority to establish maximum and minimum penalties for a criminal offense." *Persuad*, 2013 WL 7088877, at *20. Thus, when courts erroneously impose a mandatory minimum term, they "transgress the authority that Congress established and effectively erroneously sentence the defendant to an aggravated crime." *Id.*

Finally, the Solicitor General urged that "the imposition of a mandatory minimum term based on legal error wrongly deprives the court of discretion to impose a lower sentence after considering all of the mitigating and aggravating factors surrounding the offense." *Id.* at *20-21.

15

This "significantly affects a defendant's liberty interest in a way that implicates due process." *Id.* at 20.

For all these reasons, the Solicitor General concluded that "the erroneous imposition of a mandatory minimum sentence is a fundamental defect that warrants correction under the savings clause when the defendant otherwise had no opportunity to raise it." *Id.* The Supreme Court agreed and summarily granted Persaud's petition.

Even more reason exists to vacate Mr. Jones' unlawful ACCA under Section 2241 because the Court's erroneous ACCA finding not only triggered an unlawful mandatory minimum, but took Mr. Jones' sentence beyond the statutory maximum penalty.

## CONCLUSION

For the reasons set forth above, Mr. Jones respectfully asks this Court to immediately vacate his illegal sentence and schedule a new sentencing hearing so that he can be re-sentenced without application of the ACCA. Mr. Jones' non-ACCA Sentencing Guidelines range is 100 to 125 months imprisonment (offense level 24, criminal history category VI).


Respectfully submitted,


JAMES WYDA
Federal Public Defender


_____/s/_____
PARESH .S PATEL,
Appellate Attorney
6411 Ivy Lane, Ste. 710
Greenbelt, Maryland
(301) 344-0600

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 29th day of June 2014 a copy of the foregoing

Emergency Motion to Correct Sentence Under 28 U.S.C. §2241 was delivered via electronic

filing to Barbara Sale, Michael C. Hanlon, and Gregory Welsh, Assistant United States

Attorneys, United States Attorney's Office, 36 South Charles Street, 4th Floor, Baltimore,

Maryland 21201.


_____/s/_____
PARESH S. PATEL
Appellate Attorney